RECEIVED
1/16/09
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20098 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| RON CHRISTOPHER GREEN | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendants's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant, Ron Christpher Green ("Green") asserts that he is eligible for a mitigating role adjustment pursuant to U.S.S.G. §3B1.1. In his objection Green merely states that he "contends and urges he is eligible for a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2 (minor participant.)" An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). To be eligible for a minor role adjustment, a defendant "must have been peripheral to the advancement of the illicit activity." *United States v. Miranda,* 248 F.3d 434, 447 (5th Cir.2001). The burden is on the defendant to establish his entitlement to the reduction by a preponderance of the evidence. *United States v. Preciado-Giner,* 2008 WL 5180273, 1 (5th Cir., 2008) *Burton v. United States,* 237 F.3d 490, 503 (5th Cir.2000). Green does not provide an argument, nor does he submit any evidence, detailing how his role was minor. The evidence in this case, to the contrary, establishes that the

defendant was responsible for the transportation and distribution of significant quantities of cocaine.[1]
Green was identified as a major supplier of both powder and crack cocaine to the Lake Charles area. He used casino buses to transport kilogram quantities of cocaine. Several co-conspirators identified Green as their supplier. Based upon these facts, Green does not qualify for a mitigating role adjustment. His objection is OVERRULED.

In conjunction with the prior objection, Green objects to the language "major supplier" used in ¶10 of the PSR. The use of this categorization is contained in the Stipulated Factual Basis signed by all parties. This does not require a ruling by the court.

The defendant notes that a statement given by Billy Mitchell relating to the sale of nine ounces of crack cocaine made directly to Sidney Royer at a hotel room in Lake Charles contradicts the statement he gave on July 7, 2001. He also objects to calculations made by Dedrick Milburn regarding quantities of drugs. These objections do not require a ruling as the guidelines in this case were prepared in accordance with the stipulation of all parties. The parties stipulated that Green was involved in transporting and distributing over one kilogram of cocaine base.

The defendant asserts that he has never known anyone named Sidney Royer. This objection does not impact the guidelines and does not require a ruling.

Lastly the defendant objects to ¶41 of the PSR "inasmuch as defendant was incarcerated on the instant charge on January 9, 2002, and that a capius should issue rather than a warrant." This

---

[1] As noted by Probation, ¶6 of the Plea Agreement contains guidelines computations and an agreement that the defendant does not qualify for a mitigating role adjustment under §3B1.2.

2

objection has no impact on guideline calculation and does not require a ruling by the court.[2]

Lake Charles, Louisiana, this __16__ day of January, 2009.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] Probation has no information indicating that Green was incarcerated on January 9, 2002.